UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE ANDUJAR,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY, INSPECTOR TIMOTHY J.
BEAUDETTE, INSPECTOR DENNIS DEQUATRO,
POLICE OFFICER STEVEN FORNATALE, SHIELD
NO. 19077, DETECTIVE MARK FRUNZI, SHIELD NO.
722, POLICE OFFICER ADRIEL BOU, SHIELD NO.
27274, JOHN AND JANE DOE 1-50,

                              Defendants.

------------------------------------------------------------------------ x

11 CIV 5466

JUDGE SULLIVAN

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action seeking injunctive relief to enjoin the City of New York from unconstitutionally interfering with Plaintiff's First Amendment right to sell politically themed condoms by requiring him to obtain a city-issued permit and by criminally prosecuting him for failure to do so.

2. Plaintiff has been arrested six times for selling condoms with images of President Barack Obama, Senator John McCain and former Governor Sarah Palin, in purported violation of §20-453 of the Administrative Code ("AC") of the City of New York. Those arrests occurred on Sept. 20, 2010; May 12, 2011; May 27, 2011; June 14, 2011; June 21, 2011, and July 1, 2011.

3. All charges were dismissed by the Court in the first of the Plaintiff's six cases. A judge of the Criminal Court of the City of New York issued an Opinion and Order finding that the People of the State of New York failed to allege that Plaintiff's activities fell outside an

exception in AC §20-453 for "only newspapers, periodicals, books, pamphlets or other similar written matter." *People v. Andujar,* 917 N.Y.S.2d 848 (N.Y. Crim. Ct. 2011).

4. Plaintiff brings this action to vindicate his rights under the First and Fourteenth Amendment of the United States Constitution, and the Civil Rights Act, 42 U.S.C. §1983; and §20-453 of the Administrative Code. Plaintiff seeks a declaration that Defendants' actions are unlawful, and a preliminary and permanent injunction against further arrests of Plaintiff for the conduct in issue; attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution and §20-453 of the Administrative Code of the City of New York. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff is a citizen of the United States and a resident of the County, City and State of New York.

8. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

2

9. Defendant Raymond W. Kelly ("Kelly") has been the Police Commissioner of the New York City Police Department since January 2002, and was acting in his official capacity at all relevant times herein. He is sued in his official capacity.

10. Defendant Timothy Beaudette ("Beaudette") is the commanding officer of the Midtown North Precinct, and was acting in his official capacity at all relevant times herein. He is sued in his official capacity.

11. Defendant Dennis DeQuatro ("DeQuatro") is the commanding officer of the Midtown South Precinct, and was acting in his official capacity at all relevant times herein. He is sued in his official capacity.

12. Defendant Steven Fornatale, Shield No. 19077 ("Fornatale") is a police officer. He is sued in his individual and official capacity.

13. Defendant Mark Frunzi, Shield No. 722 ("Frunzi") is a police detective. He is sued in his individual and official capacity.

14. Defendant Adriel Bou, Shield No. 27274 ("Bou") is a police officer. He is sued in his individual and official capacity.

15. Defendants John and Jane Doe 1-50 are police officers, detectives and supervisory police officers. Defendants John and Jane Doe 1-50 are sued in their individual and official capacities.

**STATEMENT OF FACTS**

16. Plaintiff vends condoms in wrappers containing likenesses of high-profile public officeholders and political figures, including President Barack Obama, Senator John McCain and

former Governor Sarah Palin. The condom wrappers generally feature a "tag line" or joke printed on the wrapper, along with the image, linking the practice of safe sex, or sexual intercourse in general, to the political figure pictured. By way of example, one Obama condom features the tag line, "The Ultimate Stimulus Package."

17. Plaintiff sells these condoms for $3.00 each, or two for $5.00. During 2010, Plaintiff sold them at somewhat higher prices, specifically, $5.00 each, two for $7.00 and three for $10.00. They are also available on the Internet, at a price of $5 per condom. These prices, well in excess of market rates for condoms, reflect the added expressive value of the wrappers.

18. Plaintiff does not have a license.

19. Administrative Code of the City of New York §20-453 provides that "It shall be unlawful for any individual to act as a general vendor without having first obtained a license in accordance with the provisions of this subchapter, except that it shall be lawful for a general vendor who hawks, peddles, sells or offers to sell, at retail, only newspapers, periodicals, books, pamphlets *or other similar written matter,* but no other items required to be licensed by any other provision of this code, to vend such without obtaining a license therefor." (emphasis added). The exception is commonly referred to as the "written matter exception."

20. Before selling the condoms, Plainiff obtained, via his supplier, a letter dated January 21, 2005, from the New York City Department of Consumer Affairs ("DCA") a letter explaining that it has construed the written matter exception to apply to "items bearing political messages" such as "t-shirts, buttons and flags." Plaintiff verified the information contained in the letter himself by personally speaking with a DCA representative on the telephone.

21. On September 20, 2010, at approximately 3:30 p.m., Plaintiff was lawfully present in front of 1585 Broadway in the County, City and State of New York.

22. Plaintiff was vending condoms packaged in wrappers featuring the likenesses of President Barack Obama, Senator John McCain and then-Governor Sarah Palin, and emblazoned with humorous tag lines, including but not limited to "The Ultimate Stimulus Package."

7. NYPD Officers issued Plaintiff a Desk Appearance Ticket for unlicensed general vending in violation of AC §20-453.

8. Plaintiff appeared in court and vigorously contested the charge.

9. Until the disposition of the case, Plaintiff refrained from any further sales activity.

10. On Feb. 28, 2011, Judge Lynn Kotler of the New York City Criminal Court issued an Opinion and Order dismissing the charge. The Court held that Defendant's condoms fell within the exception for written matter set forth in AC §20-453.

11. Following Judge Kotler's decision and in accordance therewith, plaintiff resumed vending the condoms.

12. Notwithstanding Judge Kotler's decision, Plaintiff was again arrested on May 12, 2011, by police officers including some of the individual defendants. On that date, at 10:30 p.m., Plaintiff was lawfully present at West 47th Street and Broadway in New York, New York, vending the same condoms he had been authorized to sell without a license by Judge Kotler's decision.

13. At that time, Plaintiff was arrested before he had successfully sold one condom.

14. At that time, Plaintiff was carrying on his person a copy of Judge Kotler's decision, which he presented to the arresting officers. Plaintiff was told that the NYPD's legal division had advised officers to ignore Judge Kotler's decision, as it would be appealed.

5

15. Arresting officers did not ask Plaintiff if he had, in the time since his last arrest, obtained a vending license.

16. NYPD officers again issued a DAT to Plaintiff, charging him with violations of AC §20-453. The case is still pending.

17. On May 27, 2011, at 7:15 p.m., on West 47th Street, Plaintiff was again unlawfully arrested by police officers including the individual defendants and issued a DAT for selling the condoms. The case is still pending.

18. On June 14, 2011, at 10:26 p.m., on West 47th Street and Broadway, Plaintiff was again unlawfully arrested by police officers including the individual defendants and issued a DAT for selling the condoms. The case is still pending.

19. On June 21, 2011, at 10:20 p.m., on West 47th Street and Broadway, Plaintiff was again unlawfully arrested by police officers including the individual defendants and issued a DAT for selling the condoms. The case is still pending.

20. On July 1, 2011, at approximately 10:00 p.m., on West 47th Street and Broadway, Plaintiff was against unlawfully arrested by police officers including the individual defendants and issued a DAT for selling the condoms. The case is still pending.

21. Each time plaintiff is arrested, his inventory of condoms and signage is confiscated and not returned.

22. Upon information and belief, the criminal cases have been consolidated in New York County Criminal Court.

23. The arrests have caused Plaintiff, *inter alia*, loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, damage to his reputation, loss of income and loss of property.

6

24. In order to avoid similar arrests, notwithstanding the fact that Plaintiff believes and Judge Kotler appears to agree, that he has a First Amendment and statutory right to sell these items without a license, Plaintiff has resorted to selling at odd hours, and at different locations. These modifications have deprived Plaintiff of the prime location and time for such sales.

25. As a result, Plaintiff has not been able to freely sell the subject items to the degree he did prior to the arrests and has suffered a consequent decrease in sales, estimated at 50 percent.

## FIRST CLAIM

### (FIRST AMENDMENT – RIGHT TO FREEDOM OF SPEECH)

21. Plaintiff repeats the foregoing allegations.

22. Plaintiff's sale of politically themed condoms constitutes expressive conduct protected by the free speech guarantee of the First Amendment.

23. Defendants' actions act as both an undue burden and a prior restraint on Plaintiff's exercise of his First Amendment right to freedom of speech.

24. Such abridgments of Plaintiff's freedom of speech are not narrowly tailored to serve a significant government interest and thus violated his rights under the First and Fourteenth Amendments to the U.S. Constitution.

## SECOND CLAIM

## (ADMINISTRATIVE CODE §20-453)

25. Plaintiff repeats the foregoing allegations.

26. Defendants violated §20-453 of the Administrative Code of the City of New York by requiring Plaintiff to obtain a license to sell materials clearly falling within the "printed matter exception" of §20-453.

27. The items Defendant sells are printed with both text and images, and are sold predominantly for the communicative and satiric value associated with that text and image, rather than that of the condoms inside.

28. Defendants' mistaken and/or willful misinterpretation of §20-453 resulted in an enforcement scheme at odds with the statutory text.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the defendants:

    a. That the Court enter a judgment declaring that Defendants' conduct violates the First Amendment in so far as it places unwarranted restrictions on Plaintiff's right to free speech;

    b. That the Court enter a judgment declaring that Defendants' conduct violates §20-453 of the Administrative Code of the City of New York or to the extent it does not, that §20-453 be declared unconstitutional;

    c. That the Defendants and all those acting in concert or participation with them be preliminarily and then permanently enjoined and restrained from

8

enforcing §20-453 of the Administrative Code of the City of New York against Plaintiff for the sale of politically themed condoms;

d. That the Court order Defendants to pay Plaintiffs' costs and attorneys' fees; and

e. That the Court order other and further relief as the Court may deem just and proper.

DATED: August 5, 2011
New York, New York

**ROBERT MARINELLI**
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427